ORIGINAL

KAREN P. HEWITT
United States Attorney
NICOLE ACTON JONES
Assistant U.S. Attorney
California State Bar No. 231929
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5482
E-mail: nicole.jones@usdoj.gov

Attorneys for Plaintiff
United States of America



## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ALBERTO ISAAC-RAMIREZ, <br><br> Defendant. | Criminal Case No. 07CR3344-IEG <br><br> GOVERNMENT'S MOTION FOR: <br><br> (1) FINGERPRINT EXEMPLARS <br> (2) RECIPROCAL DISCOVERY <br><br> TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES <br><br> Date:  January 22, 2008 <br> Time:  2:00 p.m. <br> Court: The Hon. Irma E. Gonzalez |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Nicole Acton Jones, Assistant United States Attorney, and hereby files its Motion for Fingerprint Exemplars and Reciprocal Discovery in the above-referenced case. Said motions are based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

//
//
//
//

I

## STATEMENT OF THE CASE

On December 12, 2007, a federal grand jury in the Southern District of California returned a one-count Indictment charging defendant Alberto Isaac-Ramirez ("Defendant") with Deported Alien Found in the United States, in violation of Title 8, United States Code, Section 1326. On December 18, 2007, Defendant was arraigned on the Indictment and entered a plea of not guilty.

II

## STATEMENT OF FACTS

**A.    DEFENDANT'S APPREHENSION**

On November 19, 2007, at approximately 6:05 p.m., a seismic intrusion device alerted in an area known as Gravel Pit, which is about 1.5 miles west of the San Ysidro Port of Entry. Border Patrol Agent Juarez responded to the scene. An infrared scope operator noticed a heat signature near the area and guided Agent Juarez to it. After a brief search, Agent Juarez found an individual, later identified as Defendant Isaac-Ramirez, hiding in the brush, approximately 200 yards north of the international border. Agent Juarez identified himself as a Border Patrol Agent and conducted an immigration interview. Defendant admitted he was a Mexican citizen and that he did not have documents allowing him to be in the United States legally.

At the station, Defendant's biographical information, fingerprints and photograph were entered into the IDENT and IAFIS computer databases, which revealed Defendant's criminal and immigration history. On November 19, 2007, at about 9:45 p.m., Agent Juarez advised Defendant of his <u>Miranda</u> rights. Defendant elected to invoke his right to counsel. Defendant was then advised of his right to speak to the Mexican consular office and declined.

**B.    DEFENDANT'S CRIMINAL AND IMMIGRATION HISTORY**

Defendant's criminal history dates back to at least 1990, when he was convicted of misdemeanor second degree burglary and sentenced to 93 days in custody. On June 7, 1993, Defendant was convicted of possessing a controlled substance with special circumstances (firearm). Defendant was initially sentenced to 270 days in custody, which was increased to 3 years after his probation was revoked. Since 1993, Defendant has been incurred four misdemeanor convictions involving the possession or use of a

controlled substance, most recently on May 22, 2006. In 2002, Defendant sustained two convictions for being a felon in possession of a firearm (one misdemeanor and one felony). The Government believes Defendant is a Criminal History Category VI.

Defendant appeared before an Immigration Judge for a deportation hearing on October 16, 2007 Defendant was physically removed from the United States through the San Ysidro, California Port of Entry on November 15, 2007. Defendant had been previously deported by an immigration judge on April 26, 1995 and July 15, 2002.

## III

## UNITED STATES' MOTIONS TOGETHER WITH MEMORANDUM OF POINTS AND AUTHORITIES

### A. FINGERPRINT EXEMPLARS

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (Government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution). The privilege against self-incrimination only applies to testimonial evidence. See Schmerber v. California, 384 U.S. 757, 761 (1966) (withdrawal of blood is not testimonial). Identifying physical characteristics, including fingerprints, are not testimonial in nature and the collection and use of such evidence does not violate Defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969).

### B. RECIPROCAL DISCOVERY

The Government has and will continue to fully comply with its discovery obligations. To date, the Government has provided Defendant with 36 pages of discovery and one DVD. The Government is prepared to schedule a viewing of Defendant's A-File. The Government will provide counsel with the audiotape from Defendant's hearing before an Immigration Judge as soon as the tape is received and a duplicate has been made. Furthermore, the Government will request that the arresting agency preserve any evidence the Government intends to introduce in its case-in-chief or that may be material to the defense. The Government moves the Court to order Defendant to provide all reciprocal discovery to which the United States is entitled under Rules 16(b) and 26.2. Rule 16(b)(2) requires Defendant to

1 disclose to the United States all exhibits and documents which Defendant "intends to introduce as
2 evidence in chief at the trial" and a written summary of the names, anticipated testimony, and bases for
3 opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the Federal
4 Rules of Evidence.

## IV

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that its motions be granted.

DATED: January 8, 2008.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

/s/ NICOLE ACTON JONES
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTO ISAAC-RAMIREZ,<br><br>Defendant. | Criminal Case No. 07CR3344-IEG<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED that:

I, Leticia Granada, am a citizen of the United States over the age of 18 years and a resident of Riverside County, California; my business address is 880 Front Street, Room 6293 San Diego, California 92101-8893; I am not a party to the above-entitled action, I deposited in the United States mail at San Diego, California, in an envelope bearing the requisite postage, a copy of: **GOVERNMENT'S MOTION FOR: (1) FINGERPRINT EXEMPLARS; and (2) RECIPROCAL DISCOVERY TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES**

to:   Robert H. Rexrode, Esq.
      427 C Street, Suite 300
      San Diego, CA 92101

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 8, 2008.

Leticia Granada